No. 196395

**PHILIP L. JOYAL, d/b/a**

**v.**

**KENNETH W. LOVEJOY**

Argued: Dec. 13, 1968    Decided: Dec. 19, 1968

*Present:* Adlow, C. J. Shamon, Morrissey, J.J.

Case tried to *Riley, J.*

*Adlow, C. J.* Action of contract to recover for services in procuring employment for a school teacher under a written contract.

*There was evidence* that the parties entered into a written contract on January 7, 1966. By the terms of said contract the defendant agreed to pay the commission at the rate therein stipulated ''for any position secured for me whether my appointment to the position be immediate or within 18 months of original notice.''; that the defendant registered with the plaintiff as an applicant for a teaching position in the intermediate or 4th, 5th and 6th grades; that on or about January 10, 1966, the plaintiff notified the defendant of an available position for the 6th grade in the schools of the Town of Norwell some time during the end of the month of January, 1966, but was informed by him that the said 6th grade teaching position, having been filled, was no longer available; that no other position was offered to the defendant by the Superintendent of Schools at that time; that thereafter the defendant by a letter addressed to the plaintiff requested that the plaintiff no longer notify the defendant of further or other available teaching positions with which requests the defendant complied; that subsequent thereto, during the month of April, 1966, and within a few months of the date he was originally notified by the plaintiff of the avail-

ability of the said 6th grade teaching position, the Superintendent of the Schools of Norwell offered the defendant a teaching position for the 4th grade at an annual salary of $9,-100.00 which the defendant accepted and still occupies.

At the close of the evidence the defendant requested the court to rule that the evidence did not warrant a finding for the plaintiff for the reason that the specific position which the defendant secured was not the one to which he was originally referred by the plaintiff. The court refused to so rule and found for the plaintiff in the sum of $455.00. Being aggrieved by the ruling and finding, the defendant brings this report.

This report is without merit. The contract of the parties is conclusive of the issue. This contract provides in part:

### "CONTRACT"

"Commission: Five per cent of salary, plus bonuses and other increments, for first full calendar year, from the time of starting.

I agree to pay the above commission to The Grace M. Abbott Teachers' Agency for any position secured for me, whether my appointment to the position be immediate or within eighteen months of original notice date *Should I apply for one position and secure another from the same employer,* or transfer from one

position to another during my first year, *the payment of commission remains in effect.*

Commissions on positions starting after September opening of schools will be pro-rated on the amount received. The balance is due the following year if recontracted.

Where living expenses form part of salary, these expenses shall be figured as $700 per person plus the actual cash salary.

The commission is due and payable upon acceptance of a position, but may be paid in installments with the consent of the Agency.

RESIGNATIONS FROM CONTRACTS MADE, EITHER WRITTEN OR ORAL, THROUGH OUR SERVICE DO NOT VOID PAYMENT OF COMMISSION. [Emphasis added.]

By this agreement the defendant has agreed to be obligated for a commission whether he receives the very position for which he was originally referred or another, provided it occurs within 18 months of the original notice and comes from the same employer to which he was referred.

The action of the defendant in requesting the plaintiff not to forward to the defendant any further notices of job openings has no bearing on this issue. It did not affect the obligations under the contract if they accrued in accordance with its terms.

It appears that the clear and unequivocal

language of the agreement provided for every contingency that eventuated in this cause. The law applicable to the facts found was made by the parties, and required the finding that was made. We know of no rule of law that requires that the contract be construed otherwise. **Report dismissed.**

ADELSON & WALL,
  of Boston for the plaintiff
NORMAN DAVIDSON,
  of Boston for the defendant